# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20066-32-KHV** |
| JUVON SMITH, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

On March 19, 2014, the Court sentenced defendant to 180 months in prison.  This matter is before the Court on defendant's letter (Doc. #1939) filed April 14, 2016, which the Court construes as a motion to reduce sentence under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c)(2).  For reasons stated below, the Court overrules defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  <u>See</u> 18 U.S.C. § 3582(c); <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c).  If eligible, the Court may reduce defendant's term of imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c); <u>see</u> <u>Dillon v. United States</u>, 560 U.S. 817, 826-27 (2010); <u>United States v. Green</u>, — F. App'x —, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015).

Defendant seeks relief under Amendment 782, which lowered the base offense levels in the

Drug Quantity Table at U.S.S.G. § 2D1.1.  At sentencing, in anticipation that Amendment 782 would become effective November 1, 2014, the parties jointly recommended that the Court reduce defendant's offense level by two levels.  See Post-Conviction Agreement (Doc. #1417).  The Court granted the parties' request.  By doing so, defendant received a two level decrease in his total offense level.[1] Accordingly, he is not entitled to further relief under Amendment 782.

Liberally construed, defendant's motion asserts that he is entitled to relief because under the Sentencing Commission policy statement in U.S.S.G. § 1B1.10(c), the statutory minimum restricted his original guideline range but not his amended guideline range.  The Court assumes that defendant is eligible for relief under Amendment 782, but declines to reduce his sentence.[2]

---

[1]     Defendant had a total offense level of 29 with a criminal history category V for a guideline range of 140 to 175 months.  See Presentence Investigation Report (Doc. #1225) filed January 14, 2014, ¶ 146.  Under Section 5G1.1 of the Sentencing Guidelines, the statutory minimum of 20 years trumped defendant's calculated guideline range under 21 U.S.C. § 841(b)(1)(A).  See Presentence Investigation Report (Doc. #1225) ¶¶ 145-46; U.S.S.G. § 5G1.1.  At sentencing on March 19, 2014, in light of his assistance to authorities, the Court granted the government request to reduce defendant's sentence by 25 percent (60 months) under 18 U.S.C. § 3553(e).  The Court sentenced defendant to 180 months in prison.

[2]     As explained in several recent opinions, the Court questions whether Congress has delegated authority to the Sentencing Commission to create an additional exception to statutory minimum sentences by way of a retroactive amendment to the Guidelines and if Congress has done so, whether that delegation of power is lawful.  See United States v. Kelley, No. 10-20076-06-KHV, 2016 WL 408917 (D. Kan. Feb. 3, 2016); United States v. Carrington, No. CR 10-20076-09-KHV, 2016 WL 248363 (D. Kan. Jan. 21, 2016); United States v. Julius Smith, No. 12-20066-31-KHV, 2015 WL 8492029 (D. Kan. Dec. 9, 2013); see also United States v. Feauto, No. CR-12-3046, 2015 WL 7429591, at *5-13 (N.D. Iowa Nov. 23, 2015).  Even though the Court must treat the Sentencing Commission policy statement in Section 1B1.10 as mandatory, Dillon, 560 U.S. at 827, the Sentencing Commission has no authority to reduce a minimum sentence mandated by statute.  See United States v. Moody, 526 F. App'x 576, 579 (6th Cir. 2013); United States v. Hood, 556 F.3d 226, 233-34 (4th Cir. 2009); United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008).  "While the Sentencing Commission has the authority to overrule circuit precedent interpreting *Guidelines* provisions, it cannot overrule circuit precedent interpreting a *statutory* provision."  United States v. Williams, 808 F.3d 253, 266 (4th Cir. Dec. 14, 2015) (dissent, C.J. Traxler) (emphasis in original), rehr'g en banc denied, Order, No. 15-7114, Doc.

(continued...)

In determining whether a sentence reduction is warranted and the extent of any reduction, the Court considers the factors set forth in 18 U.S.C. § 3553(a).  See U.S.S.G. § 1B1.10.  In particular, among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety.  United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012).  While not mandatory, the Court may also consider defendant's post-sentencing conduct.  Osborn, 679 F.3d at 1195; see Meridyth, 573 F. App'x at 794; U.S.S.G. § 1B1.10 cmt. n.1(B).  Before addressing the specific sentencing factors, the Court addresses several broader implications of a reduced sentence in this case which necessarily impact the sentencing factors.

**I.      Section 3553(e) Authorizes Relief From Statutory Minimum For The Limited Purpose To Reward Cooperation**

As noted, the Court may modify defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); Blackwell, 81 F.3d at 947.  Courts likewise may sentence defendant to a term of imprisonment below the statutory minimum only where Congress has

---

[2](...continued)
No. 46 (4th Cir. Jan. 5, 2016).  Section 3582(c)(2) does not explicitly authorize the Commission to expand the statutory exception of Section 3553(e) that reductions below the statutory minimum be made only "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e).

The Court's comments at sentencing in this case illustrate why Amendment 782 should not provide further relief to cooperators who receive a sentence below the statutory minimum under Section 3553(e).  At sentencing, the Court noted that the two-level reduction in anticipation of Amendment 782 had no impact on defendant's sentence because he was subject to a statutory minimum term of 240 months in prison.  Because the two-level decrease did not give the Court authority at sentencing to reduce defendant's sentence under established law, Congress likely did not intend to give the Sentencing Commission authority to allow the same two-level decrease to accomplish a different result on a Section 3582(c) motion.

set forth a specific statutory exception.  See Hood, 556 F.3d at 233-34 (only Congress can authorize

departure from statutory minimum sentence); United States v. Campbell, 995 F.2d 173, 175 (10th Cir.

1993) (when sentence fixed by statute, any exception to statutory directive must also be given by

statute).  One statutory exception to the mandatory minimum allows a court to impose a sentence below

a level which a statute establishes as a minimum sentence "to reflect a defendant's substantial

assistance in the investigation or prosecution of another person who has committed an offense."  18

U.S.C. § 3553(e).  As noted above, the Court sentenced defendant under this exception.

This exception authorizes a court to sentence defendant below the statutory minimum, but it

does not necessarily permit the Court to sentence within or below any guideline range that would

otherwise apply.  See Hood, 556 F.3d at 233-35 (Section 3553(e) authorizes exception from statutory

minimum sentence for limited purpose of substantial assistance in investigation or prosecution of

others; neither Section 3553(e) nor guidelines provide sentencing range for such departures); United

States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999) (Section 3553(e) motion does not restore otherwise

applicable guideline range that would have applied absent statutory minimum; statute allows for

departure from – not removal of – statutorily required minimum sentence).

Section 3553(e) does not permit the Court to further reduce defendant's sentence based on

factors other than substantial assistance.  United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008);

Campbell, 995 F.2d at 175.  In other words, after a district court reduces a sentence below a statutory

minimum under Section 3553(e), it cannot reduce the sentence further based on the general sentencing

factors in Section 3553(a).  See United States v. Mendoza-Haro, 595 F. App'x 829, 833-34 (10th Cir.

2014).  The Tenth Circuit has noted as follows:

> [Defendant] argues that a portion of § 3553(e)'s second textual sentence which specifies
> that the criminal sentence "shall be imposed in accordance with the guidelines" should

-4-

have been judicially excised after <u>Booker</u>. <u>See</u> Aplt. Op. Br. at 13. The effect, [defendant] reasons, would have been to permit the district court to operate under an advisory Guidelines system. And, in so doing, the district court would have been obliged to consider - in addition to defendant's substantial assistance - § 3553(a) factors in imposing a sentence below the statutory minimum. <u>Id.</u> at 13-14.10.

In [<u>United States v.</u>] <u>Yazzie</u>, [407 F.3d 1139 (10th Cir. 2005),] we noted that "[s]ection 3553(b)(2) contains the same 'shall impose' language that made application of the Guidelines mandatory under § 3553(b)(1)." 407 F.3d at 1145. In <u>Booker</u>, the Court cured the mandatory Guidelines problem in part by excising § 3553(b)(1) from the Sentencing Reform Act. As a result, the Guidelines were rendered advisory and, thus, constitutional. <u>Id.</u> Accordingly, we reasoned that <u>Booker</u> also required us to excise § 3553(b)(2). <u>Id.</u> In sum, we stated: "Therefore, we hold that treating the Guidelines as mandatory - regardless of whether the defendant is sentenced under § 3553(b)(1) or § 3553(b)(2) - is error." <u>Id.</u> at 1146.

The <u>Williams</u> analysis, however, suggests the fatal flaw in [defendant's] argument: <u>Yazzie</u> pertains to the constitutionality of restrictions on the district court's discretion to sentence under the Guidelines; it does not speak to the constitutionality of statutory limitations on the district court's authority to sentence below statutory mandatory minimums. <u>See</u> <u>Williams</u>, 474 F.3d at 1132 (noting that "while the [<u>Booker</u>] Court excised §§ 3553(b)(1) and 3742(e) from the Code, § 3553(e) was unmentioned"). And, because it does not speak to the constitutionality of such limitations, <u>Yazzie</u>, like the <u>Booker</u> decision on which it relies, "does not impact the pre-existing limitations embodied in § 3553(e)." <u>Id.</u>

<u>A.B.</u>, 529 F.3d at 1282-83.

In sum, relief from the statutory minimum under Section 3553(e) is limited "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). If the Court grants cooperators further relief under Section 3582(c)(2), it would be expanding the statutory exception in Section 3553(e) to include a further variance unrelated to defendant's cooperation. While the Sentencing Commission has authorized this additional variance, the Court believes that it should be granted sparingly in light of the other sentencing factors under Section 3553(a).

**II.      The Safety Valve Exception To Statutory Minimum Sentences Illustrates Why Cooperators Such As Defendant Should Not Receive Relief Under Amendment 782**

In the case of certain controlled substance offenses, under certain conditions, the so-called "safety valve" allows a court to impose a sentence pursuant to a guideline range without regard to any statutory minimum sentence. 18 U.S.C. § 3553(f); <u>see also</u> U.S.S.G. § 5C1.2. In particular, the Court must find that the following five conditions have been met:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

The safety valve, Section 3553(f), and the substantial assistance provision, Section 3553(e), provide two methods for the Court to sentence below a statutory minimum. These two methods, however, provide very different means to do so. <u>United States v. Altamirano-Quintero</u>, 511 F.3d 1087, 1090 n.6 (10th Cir. 2007). Congress had different plans in mind for the operation and effect of the two provisions. <u>United States v. Ahlers</u>, 305 F.3d 54, 59 (1st Cir. 2002); <u>see</u> <u>id.</u> at 58 (conclusion

inescapable that two sections differ radically and that difference cannot be dismissed as mere fortuity).

The Tenth Circuit has highlighted the differences in Sections 3553(f) and 3553(e) as follows:

[Section] 3553(f) requires the district court to disregard the mandatory minimum sentence when certain conditions are met. [Ahlers, 305 F.3d] at 59. The statute "demonstrates Congress's ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum' case like any other." Id. (emphasis added). In contrast, § 3553(e) "speaks in much more circumspect terms." Id. It "retains the mandatory minimum as a reference point for a specific, carefully circumscribed type of departure." Id. Section 3553(e) "opens the door for a departure below the otherwise applicable mandatory minimum - but only those reasons related to the nature and extent of the defendant's substantial assistance can figure into the ensuing sentencing calculus." Id. at 60. In other words, unlike under § 3553(f), upon granting a § 3553(e) downward departure, a district court is not at liberty to treat the case "like any other," but rather must focus only on substantial assistance considerations. As with the defendants in Ahlers, A.B. offers "no explanation" for why statutes that evince the kind of significant differences exhibited by § 3553(f) and § 3553(e) "should be deemed to march in lockstep." Id. at 59. And we discern no such explanation.

A.B., 529 F.3d at 1284; see United States v. Jackson, 493 F.3d 1179, 1180 (10th Cir. 2007) (certain individuals with comparatively clean records may be eligible for reduction in § 3553(f) and escape normal operation of statutory minimum); Ahlers, 305 F.3d at 59 (Congress enacted safety valve to mitigate harsh effects of mandatory minimum sentences on certain first-time offenders who played relatively minor roles in drug trafficking schemes).

By sentencing cooperators within the amended guideline ranges without regard to the statutory minimum and the trumping provision of U.S.S.G. § 5G1.1, defendants essentially receive a benefit similar to what they would receive if they were safety valve eligible. In other words, cooperators would receive amended sentences without regard to any statutory minimum.[3] In light of the basic differences

_____

[3]       The Court recognizes that in most circumstances, the Guidelines require a decrease of two levels off the base offense level if defendant qualifies for safety valve relief. See U.S.S.G. § 5C1.2

(continued...)

-7-

between the safety valve provision of Section 3553(f) and the substantial assistance provision of Section 3553(e), the Court questions whether Congress intended that cooperators who initially received relief from the statutory minimum under Section 3553(e) should receive a reduced sentence under Section 3582(c)(2) without regard to the statutory minimum.  As explained above, the Sentencing Commission has authorized such relief.  Even so, the Court, in considering whether to grant such relief, must be mindful of the statutory differences of Section 3553(f) and Section 3553(e).

### III.   A Reduced Sentence Within Or Below Amended Range Would Significantly Inflate The Judicial Determination Of Extent Of Defendant's Cooperation

To illustrate why cooperators who received relief from the statutory minimum based on Section 3553(e) should not receive further relief from the statutory minimum under Amendment 782, the Court briefly examines cases which involve a statutory minimum where the district court granted further relief under Amendment 782.  The following chart shows that a reduction in such cases leads to an exaggerated evaluation of defendant's cooperation:[4]

---

[3](...continued)
(offense level of defendant eligible for safety valve relief and otherwise subject to statutory minimum of five years may not be reduced below 17).  Here, of course, defendant does not receive this additional benefit.

[4]        United States v. Jackson, No. 3:13-cr-45-TAV-CCS-34, 2016 WL 1627625, at *4 (E.D. Tenn. Apr. 22, 2016); United States v. Morris, No. 3:07CR261-MHT, 2015 WL 7756138, at *3 (M.D. Ala. Dec. 2, 2015); United States v. Bullard, No. 3:01-cr-107, 2015 WL 5943202, at *1-2 (E.D. Tenn. Oct. 13, 2015); United States v. Brickner, No. 2:12-cr-019, 2015 WL 5513407, at *2-3 (E.D. Tenn. Sept. 16, 2015); United States v. Jerrell, No. 3:13-cr-45, 2015 WL 4476434, at *1-5 (E.D. Tenn. July 22, 2015); United States v. Guzman, No. 3:06-CR-91-TAV-HBG-1, 2015 WL 3866203, at *3 (E.D. Tenn. June 22, 2015); United States v. Turman, No. 3:05-CR-92-TAV-HBG-1, 2015 WL 2169258, at *2 (E.D. Tenn. May 8, 2015); United States v. Harshaw, No. 3:06-cr-127, 2015 WL 756757, at *1-2 (E.D. Tenn. Feb. 23, 2015).

| | Statutory Min. (months) | Original Sentence after Sec. 3553(e) (months) | Original % Reduction From Stat. Minimum | Amended Range (w/o reference to stat. min.) | Amended Sentence (months) | Amended % Reduction From Stat. Minimum |
|---|---|---|---|---|---|---|
| Jackson | 120 | 90 | 25% | 41-51 | 31 | 74.2% |
| Morris | 120 | 78 | 35% | 87-108 | 41 | 65.8% |
| Bullard | 240 | 180 | 25% | 78-97 | 59 | 75.4% |
| Brickner | 240 | 151 | 37% | 70-87 | 87 | 63.8% |
| Jerrell | 240 | 180 | 25% | 78-97 | 59 | 75.4% |
| Guzman | 240 | 144 | 40% | 78-97 | 47 | 80.4% |
| Turman | 240 | 192 | 20% | 100-125 | 80 | 66.7% |
| Harshaw | 240 | 144 | 40% | 70-87 | 42* Time Served | 82.5% |

In the above cases, defendants received a total reduction of approximately two to three times more than the original reduction below the statutory minimum. By applying Section 1B1.10(c) to disregard the statutory minimum in calculating defendant's eligibility for relief and re-sentencing defendants based on the amended guideline range, courts have effectively allowed an additional variance from the statutory minimum based on factors other than defendant's cooperation. As explained above, Section 3553(e) prohibits courts from granting additional variances using Section 3553(a) factors to further reduce defendants' sentences below the statutory minimum.

By applying Section 1B1.10(c) to sentence defendant within or below the otherwise applicable range (reduced by two levels) and unrestricted by Section 3553(e), the Court essentially would be granting cooperators who were sentenced before Amendment 782 much lower sentences than cooperators who are sentenced under the current Guidelines. The Eleventh Circuit has explained the purpose of retroactive guideline amendments as follows:

> The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines. That provision gives the defendant an

-9-

opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment. *But he is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing.* The goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment. That is why an amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway.

United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) (emphasis added). Defendants who are sentenced after Amendment 782 are subject to the restriction under Section 3553(e) that a court may sentence defendant to a term below a mandatory minimum only to reflect the extent of defendant's cooperation. To allow defendants sentenced before Amendment 782 to receive a reduction beyond that authorized in the current version of Section 3553(e) and the Guidelines would create a significant disparity based on when a particular defendant was sentenced. As explained above, retroactive Guideline amendments are intended to give defendants the same – not more favorable – treatment as those sentenced under the current Guidelines.[5]

---

[5]     In a recent opinion, the Fourth Circuit suggested that granting relief in cases such as the instant one would help eliminate unwarranted sentencing disparity between cooperators. United States v. Williams, 808 F.3d 253, 260 (4th Cir. Dec. 14, 2015), rehr'g en banc denied, Order, No. 15-7114, Docket No. 46 (4th Cir. Jan. 5, 2016). The Fourth Circuit stated as follows:

> Our approval of the position espoused by the United States Attorney and Williams is also consistent with the Sentencing Reform Act's focus on "the elimination of unwarranted sentencing disparity." See Goines, 357 F.3d at 475-76. A contrary ruling would permit cooperating defendants with Guidelines ranges above their statutory minimums "perhaps due to extensive criminal histories or severe offense conduct" to nevertheless secure sentencing relief under § 3582(c)(2). On the other hand, cooperating defendants such as Williams, whose Guidelines ranges are entirely below their statutory minimums, would be denied relief. Such a disparity should not occur within the category of defendants who should benefit from Amendment 780: those "who provide substantial assistance to the government in the investigation and prosecution of others." See USSG app. C, amend. 780 (Supp. 2014). Moreover, Amendment 780 makes no distinction among such defendants, and we lack the authority to create one. See United States v. Maroquin-Bran, 587 F.3d 214, 217 (4th Cir. 2009) (recognizing

(continued...)

## IV.     Balancing Of Section 3553(a) Factors

As noted, defendant originally had a total offense level of 29 with a criminal history category V for a guideline range of 140 to 175 months, trumped by the statutory minimum of 240 months.  See Presentence Investigation Report (Doc. #1225) ¶¶ 145-46.  Under Amendment 782, defendant's amended guideline range is 140 to 175 months (offense level 29, criminal history V).  The Court declines to reduce defendant's sentence in light of the factors under Section 3553(a).

The Court gives significant weight to the seriousness of the offense which carries a statutory minimum sentence of 240 months in prison and the extent of defendant's cooperation, which the government estimated and the Court agreed warranted a reduction of 60 months from the statutory minimum.  The Court also gives significant weight to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).  In particular, unlike the policy statement applicable to retroactive amendments, the current version of the Guidelines provides no waiver of the trumping rules of Sections 5G1.1 and 5G1.2.  Accordingly, defendants sentenced under the current Guidelines with the same drug quantity as this defendant and the same extent of cooperation as this defendant would receive a sentence of 180 months in prison (60 months less than the statutory minimum).  In light of the factors set forth in Section 3553(a) and the reasons set forth above and at the original sentencing on March 19, 2014, the Court finds that a sentence of 180 months in prison is sufficient but not greater than necessary to meet

---

[5](...continued)
that "rewriting [the Guidelines] is beyond our purview as a court and remains the domain of either the Sentencing Commission or the Congress").

Williams, 808 F.3d at 261-62.  It is true that the group of cooperators with guideline ranges well above the statutory minimum potentially could receive greater relief under Amendment 782 than cooperators with guideline ranges below the statutory minimum, but Congress created such disparity in imposing statutory minimums subject to only limited statutory exceptions including Sections 3553(e) and 3553(f).

the sentencing factors set forth in Section 3553(a).  Accordingly, the Court declines to reduce defendant's sentence.

      **IT IS THEREFORE ORDERED** that defendant's letter (Doc. #1939) filed April 14, 2016, which the Court construes as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), is **OVERRULED**.

      Dated this 23rd day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
