# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | No. 12-20066-32-KHV |
| ) | |
| JUVON SMITH, ) | CIVIL ACTION |
| ) | No. 15-2617-KHV |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On March 19, 2014, the Court sentenced defendant to 180 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1753) filed February 23, 2015. After carefully considering the parties' briefs, the Court overrules defendant's motion in part, appoints counsel on defendant's remaining claim of ineffective assistance of counsel and sets this matter for an evidentiary hearing.

## Factual Background

On October 3, 2012, a grand jury charged Juvon Smith and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Second Superseding Indictment (Doc. # 402), Count 1.[1] The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (iii). On May 27, 2013, the government filed a notice of prior conviction which increased the statutory minimum to 20 years. See Enhancement Information (Doc.

---

[1] The grand jury also charged Smith with one count of distribution of cocaine. See id., Count 24. At sentencing, the Court dismissed the distribution count.

#650).  On May 29, 2013, defendant pled guilty to Count 1.  See Plea Agreement (Doc. #687).[2] Defendant had a total offense level of 29 with a criminal history category V for a guideline range of 140 to 175 months.  See Presentence Investigation Report (Doc. #1225) filed January 14, 2014, ¶ 146. Under Section 5G1.1 of the Sentencing Guidelines, the statutory minimum of 20 years trumped defendant's calculated guideline range under 21 U.S.C. § 841(b)(1)(A).  See Presentence Investigation Report (Doc. #1225) ¶¶ 145-46; U.S.S.G. § 5G1.1.  At sentencing on March 19, 2014, in light of his assistance to authorities, the Court granted the government request to reduce defendant's sentence by 25 percent (60 months) under 18 U.S.C. § 3553(e).  The Court sentenced defendant to 180 months in prison.  Defendant did not appeal.  Jason B. Billam represented defendant throughout the proceedings.

On February 23, 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Billam provided ineffective assistance because (1) he "pressured" defendant to plead guilty, (2) he did not ask the Court to recommend that the Bureau of Prisons ("BOP") consider him for the Residential Drug Abuse Treatment Program ("RDAP"), (3) he did not object to the statutory minimum of 20 years in prison, (4) he did not object to the harshness of the sentence and (5) he did not file an appeal after defendant asked him to do so.  Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 1-8, 11-16.[3]

---

[2] As part of the plea agreement, the government agreed not to file a Section 851 notice as to defendant's second prior drug felony conviction.  See Plea Agreement (Doc. #687) ¶ 6.  If the government had filed such a notice, defendant would have been subject to a mandatory minimum term of life in prison.  See id.

[3] Defendant also seeks relief under Amendment 782 to the United States Sentencing Guidelines.  Id. at 9-10.  Later, defendant filed a motion for relief under Amendment 782.  In a separate order, the Court overrules defendant's motion for relief under Amendment 782.  See Memorandum And Order (Doc. #1945).

-2-

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). Strickland mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. The Court must not second-guess counsel's assistance with the benefit of hindsight simply because defendant was convicted and sentenced to a lengthy prison term. See id.

**I.      Waiver Of Collateral Attacks**

The government seeks to enforce the waiver of collateral attacks in the plea agreement, but incorrectly states that except as limited by United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001), the waiver precludes any ineffective assistance of counsel claim. See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence (Doc. #1825) filed September 10, 2015

at 4, 14. The government ignores the final sentence of the waiver which states "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement (Doc. #687) ¶ 13. In other words, the plea agreement permits *all* claims of ineffective assistance of counsel (not only those set forth in Cockerham). Because defendant's claims relate to ineffective assistance of counsel, the Court overrules the government's frivolous request to enforce the waiver of collateral attacks. See United States v. Daniels, No. 12-20021-10-KHV, 2015 WL 4478390, at *2 (D. Kan. July 22, 2015); United States v. Drayton, No. 10-20018-01-KHV, 2013 WL 789027, at *1 (D. Kan. Sept. 13, 2012); United States v. Clark, No. 10-20076-12-KHV, Order (Doc. #567) filed February 7, 2013; United States v. Cereceres-Morales, No. 09-20034-01-KHV, 2012 WL 4049801, at *1 n.2 (D. Kan. Sept. 13, 2012); United States v. Perea, No. 08-20160-08-KHV, 2012 WL 851185, at *1 n.1 (D. Kan. Mar. 8, 2012); United States v. Malone, No. 09-20159-01-KHV, 2012 WL 380239, at *2 (D. Kan. Feb. 6, 2012).

## II.     Pressure To Enter Plea

Defendant argues that Billam provided ineffective assistance because he "pressured" him to plead guilty. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 1. In his written plea petition and the plea colloquy, however, defendant affirmed under oath that he had discussed his plea with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.

United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Defendant's conclusory statement that Billam pressured him to plead guilty is insufficient to establish that counsel's performance was deficient. Even if counsel had pressured defendant, he has not alleged sufficient facts for the Court to find a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 F. App'x 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. In particular, the Court notes that as part of the plea agreement, the government agreed not to file a second Section 851 notice, which would have resulted in a mandatory minimum term of life in prison. The Court therefore overrules defendant's claim that counsel provided ineffective assistance because he pressured defendant to plead guilty.

### III.     Failure To Request RDAP Recommendation

Defendant argues that Billam provided ineffective assistance because he did not ask the Court to recommend that the BOP consider defendant for RDAP. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 11-12. Defendant has not alleged that he asked Billam to make such a recommendation. Even if defendant had done so, he has not shown a reasonable probability that had counsel asked for such a recommendation, the result of "sentencing" would have been different. A judicial recommendation on matters such as participation in BOP programs is technically not a part of the sentence imposed. See Fajri v. USP Leavenworth, No. 04-3311-RDR, 2005 WL 2035047, at *1 (D. Kan. Aug. 23, 2005) (citing Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468-69 n.3 (10th Cir. 1992)). The BOP has plenary control over the place of defendant's imprisonment and treatment programs in which he may participate. Tapia v. United States, 564 U.S. 319, 131 S. Ct. 2382, 2390

(2011); see 18 U.S.C. §§ 3621(b), (e) and (f), 3624(f); cf Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (prisoner has no constitutional right to be incarcerated in particular facility); United States v. DeLario, 120 F.3d 580, 582-83 (5th Cir. 1997) (no cognizable Section 2255 claim based on policy change that lengthens time before petitioner is eligible for parole because change affects way sentence is carried out, not legality of sentence itself).  Whether as part of a sentence or as noted elsewhere, a judicial recommendation that the BOP place an offender in a particular facility or program has no binding effect.  See Tapia, 564 U.S. at 331-32; 18 U.S.C. § 3582(a).  Because the Court's recommendation on treatment programs is not part of defendant's sentence, he cannot show that counsel's failure to seek such a recommendation likely altered the outcome of sentencing.[4]  The Court overrules defendant's claim that counsel provided ineffective assistance because he did not ask the Court to recommend that the BOP consider defendant for RDAP.

**IV.     Failure To Object To Statutory Minimum**

Defendant argues that at sentencing, Billam provided ineffective assistance because he did not object to the statutory minimum of 20 years in prison.[5]  Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 14-16.  Defendant argues that the Court should have sentenced him based only on the one gram of

---

[4] The Court may consider requests for informal recommendations after sentencing.  As noted above, whether as part of a sentence or as noted elsewhere, the Court's recommendation has no binding effect.  Based on defendant's motion, however, the Court recommends that to the extent defendant otherwise qualifies for participation in RDAP, the BOP consider him for placement in RDAP.

[5] Defendant argues that the Court improperly enhanced his sentence based on a finding that he was responsible for ten kilograms of cocaine.  Id. at 15-16.  For purposes of relevant conduct under the Guidelines, the precise amount of drugs was immaterial because the statutory minimum of 240 months (based on defendant's plea to a conspiracy involving five kilograms or more of cocaine) was greater than the high end of the Guidelines range.  Accordingly, the Court construes defendant's argument as a claim that counsel should have objected to the statutory minimum of 240 months.

cocaine that officers found on him at the time of his arrest. Id. at 15. In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. In the plea agreement and at the plea colloquy, defendant admitted that he conspired to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine. See Plea Agreement (Doc. #687) ¶ 1 (defendant admitted knowingly committing offense and that he was subject to mandatory minimum sentence of 20 years in prison); see also Factual Basis, Attachment A to Plea Agreement (Doc. #687) ¶¶ 16, 38. In light of defendant's guilty plea, counsel's failure to object under Alleyne was not deficient or prejudicial. See Davis v. United States, 817 F.3d 319, 326 (7th Cir. 2016) (Alleyne does not appear to apply in plea context because statutory minimum not determined by judge; instead minimum determined based on plea of guilty to amount of drugs involved in conspiracy which was also charged in indictment); United States v. Heard, 561 F. App'x 873, 877 (11th Cir. 2014) (Alleyne claim without merit in context of guilty plea in which defendant admitted drug quantity necessary to trigger statutory minimum); United States v. Johnson, 732 F.3d 577, 584 (6th Cir. 2013) (Alleyne does not apply where defendant knowingly admits facts necessary for enhanced sentence); United States v. Ramirez, 528 F. App'x 678, 679-80 (7th Cir. 2013) (admission to drug quantity in plea colloquy negated need for court to make drug quantity finding beyond reasonable doubt); see also Perez-Carrera v. Stancil, 616 F. App'x 371, 372 (10th Cir. 2015) (in non-drug context, questioning how Alleyne applies in plea context).

Liberally construed, defendant's motion asserts that counsel should have argued that the plea colloquy did not establish that defendant was personally accountable for five kilograms or more of cocaine. The Court might assume that defendant's admissions in the plea agreement and at the plea

colloquy were insufficient to establish the quantity of cocaine necessary to trigger a statutory minimum. Even so, defendant has not shown that counsel's failure to object was prejudicial. To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Defendant's mere assertion that but for counsel's errors, he would have insisted on trial is necessary, but ultimately insufficient to entitle him to relief. Miller, 262 F.3d at 1072; United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993). The Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial). While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view whether he in fact would have gone to trial absent the alleged errors. United States v. Triplett, 263 F. App'x 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186. The strength of the government's case is often the best evidence whether defendant in fact would have changed his plea and insisted on going to trial. See Hill, 474 U.S. at 59-60.

In light of the agreed factual basis set forth in the plea agreement, defendant has not shown a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty to Count 1. See United States

v. Young, 206 F. App'x 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. Other than defendant's bare assertion of innocence as to any quantity beyond one gram of cocaine, the record does not reflect any viable defense against the charges in Count 1. As part of the plea, defendant acknowledged that he conspired with others to distribute and to possess with intent to distribute 280 grams or more of crack cocaine and five kilograms or more of cocaine. See Plea Agreement (Doc. #687) ¶ 1.[6] Defendant understood that absent the plea agreement, which required the government to forego filing a second Section 851 notice, he would have been subject to a statutory minimum of life in prison had he proceeded to trial and a jury found him guilty. See id., ¶ 6. In light of the evidence and the significant benefits which defendant received under the plea agreement, defendant has not shown how a decision to reject the plea agreement would have been rational under the circumstances. See Padilla, 559 U.S. at 372. Accordingly, he cannot show prejudice based on counsel's failure to object to the sufficiency of the plea colloquy.

The Court overrules defendant's claim that counsel provided ineffective assistance because he did not object to the statutory minimum.[7]

---

[6] In addition, at sentencing, the Court determined that defendant was personally accountable for 10.2 kilograms of cocaine, which was well above the statutory threshold of five kilograms. See Presentence Investigation Report (Doc. #1225) ¶ 95 (based on a conservative estimate, defendant purchased 10.2 kilograms of cocaine from Djuane Sykes).

[7] Defendant also claims that counsel provided ineffective assistance because he did not object to the firearm enhancement. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 6-7. Defendant incorrectly states that the firearm enhancement increased his sentence by 60 months. In fact, he received a two-level increase in his offense level. See Presentence Investigation Report (Doc. #1225) ¶ 96. As with the precise amount of drugs, the two-level firearm enhancement was immaterial because the statutory minimum of 240 months (based on defendant's plea to a conspiracy involving five kilograms or more of cocaine) was greater than the high end of the Guidelines range

### V.        Failure To Object To Harshness Of Sentence

Defendant argues that at sentencing, Billam provided ineffective assistance because he did not object to the harshness of a sentence of 180 months. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 6-7.  Defendant has not shown any factual or legal basis for such an objection.  In light of the statutory minimum and the limited exception to the statutory minimum in 18 U.S.C. § 3553(e), defendant cannot show that counsel's failure to object to the harshness of his sentence was deficient or prejudicial.  The Court therefore overrules defendant's claim for relief.

### VI.        Failure To File An Appeal

Defendant claims that Billam provided ineffective assistance because he did not file an appeal after defendant asked him to do so.  Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 2-8.  Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial.  See Flores-Ortega, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).  If defendant requests an appeal, counsel must file a timely notice of appeal.  If counsel believes that an appeal is wholly frivolous after conscientious examination, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).  Defendant has submitted a sworn statement that he asked counsel to file an appeal.  Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 2-3, 19.  The government has submitted counsel's affidavit which states that defendant did not ask counsel to do so.  To evaluate defendant's claim that Mr. Billam was ineffective because he did not file an appeal, an evidentiary hearing is necessary to determine whether defendant asked counsel to file an appeal. The Court therefore will hold an evidentiary hearing on this limited issue on **August 22, 2016 at 9:00 a.m.**  Because defendant previously qualified for appointed counsel under 18 U.S.C. § 3006A, the Court appoints new counsel to represent defendant at the evidentiary hearing.  See Rule 8(c) of the

Rules Governing Section 2255 Proceedings. Counsel for the government is directed to secure Mr. Billam's appearance at the hearing.

**VII.    Conclusion**

Except for defendant's claim related to counsel's failure to file an appeal, the files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, except for the claim related to counsel's failure to file an appeal, no evidentiary hearing is required on defendant's claims. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing required only if "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1753) filed February 23, 2015 is **OVERRULED in part and DEFERRED in part. The Court overrules defendant's motion to vacate except as to the claim that counsel provided ineffective assistance because he did not file an appeal after defendant asked him to do so. The Court sets an evidentiary hearing on defendant's remaining claim on August 22, 2016 at 9:00 a.m. The Court directs the Clerk to appoint counsel to represent defendant at the evidentiary hearing. Counsel for the government is directed to ensure that the U.S. Marshal transports defendant for the evidentiary hearing and to secure Mr. Billam's appearance at the hearing.**

**The Court recommends that to the extent defendant otherwise qualifies for participation in RDAP, the BOP consider him for placement in RDAP.**

Dated this 23rd day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
