IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | No. 12-20066-32-KHV |
| | ) | |
| **JUVON SMITH,** | ) | CIVIL ACTION |
| | ) | No. 15-2617-KHV |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 19, 2014, the Court sentenced defendant to 180 months in prison. On February 23, 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1753). On May 23, 2016, except for defendant's claim that counsel failed to file an appeal as requested, the Court overruled defendant's motion. See Memorandum And Order (Doc. #1946). On November 29, 2016, the Court held an evidentiary hearing on defendant's remaining claim. The parties filed post-hearing memoranda. See defendant's Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) filed January 6, 2017; Government's Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2017) filed March 1, 2017. For reasons stated below, the Court overrules defendant's remaining claim and denies a certificate of appealability.

**Factual Background**

On October 3, 2012, a grand jury charged Juvon Smith and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a

mixture and substance containing cocaine. See Second Superseding Indictment (Doc. #402), Count 1.[1] The statutory penalty under Count 1 included a mandatory term of imprisonment of ten years to life. See 21 U.S.C. § 841(b)(1)(A)(ii), (iii). On May 27, 2013, the government filed a notice of prior conviction which increased the statutory minimum to 20 years. See Enhancement Information (Doc. #650). On May 29, 2013, defendant pled guilty to Count 1. See Plea Agreement (Doc. #687).[2] Defendant had a total offense level of 29 with a criminal history category V for a guideline range of 140 to 175 months. See Presentence Investigation Report ("PSIR") (Doc. #1225) filed January 14, 2014, ¶ 146. Under Section 5G1.1 of the Sentencing Guidelines, the statutory minimum of 20 years trumped defendant's calculated guideline range under 21 U.S.C. § 841(b)(1)(A). See id., ¶¶ 145-46; U.S.S.G. § 5G1.1. At sentencing on March 19, 2014, in light of his assistance to authorities, the Court granted the government request to reduce defendant's sentence by 25 percent (60 months) under 18 U.S.C. § 3553(e). The Court sentenced defendant to 180 months in prison. Defendant did not appeal. Jason B. Billam represented defendant throughout the proceedings.

On February 23, 2015, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Billam provided ineffective assistance because (1) he "pressured" defendant to plead guilty, (2) he did not ask the Court to recommend that the Bureau of Prisons ("BOP") consider him for the Residential Drug Abuse Treatment Program ("RDAP"), (3) he did not object to the statutory minimum of 20 years in prison, (4) he did not object to the harshness of

---

[1]  The grand jury also charged Smith with one count of distribution of cocaine. See id., Count 24. At sentencing, the Court dismissed the distribution count.

[2]  As part of the plea agreement, the government agreed not to file a Section 851 notice as to defendant's second prior drug felony conviction. See Plea Agreement (Doc. #687) ¶ 6. If the government had filed such a notice, defendant would have been subject to a mandatory minimum term of life in prison. See id.

the sentence and (5) he did not file an appeal after defendant asked him to do so. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 1-8, 11-16.

On May 23, 2016, except for defendant's claim that counsel failed to file an appeal as requested, the Court overruled defendant's motion. See Memorandum And Order (Doc. #1946). On November 29, 2016, the Court held an evidentiary hearing on defendant's remaining claim that counsel failed to file an appeal that defendant had requested on the date of sentencing.[3] At the hearing, Billam testified that defendant never requested that he file a notice of appeal. See Transcript Of Hearing On Motion To Vacate (Doc. #1998) filed December 12, 2016 at 8, 38-39, 48-49. Billam further testified that if defendant had done so, he would have filed an appeal even if he personally believed that the grounds were baseless. See id. at 39-40, 49.

Billam explained that before defendant pled guilty, they discussed various legal issues such as relevant conduct and the enhancement of the statutory minimum based on prior convictions. See id. at 13-16, 23-25. Billam explained that if defendant took the plea, he would forego his right to appeal these issues. Billam told defendant that if he wanted to appeal the legal issues, he would likely be appealing from a life sentence based on his prior convictions. See id. at 14-15, 18. Defendant agreed to plead guilty and waive his right to appeal.

Billam did not file any objections to the presentence investigation report. Billam testified that he thought that any objection (1) would likely be immaterial because the high end of the Guideline range was already below the statutory minimum of 20 years, (2) could potentially be a breach of the

---

[3] Throughout his initial memorandum, defendant mistakenly identified the sentencing date as May 19, 2014. See Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 2, 4, 6, 10-11, 15, 18. Accordingly, the Court has construed defendant's claim as asserting that on the date of sentencing, March 19, 2014, he asked Billam to file an appeal, but that counsel refused to do so.

plea agreement, (3) could cause defendant to lose the benefit of the Section 5K1.1 motion and (4) could open the door for the government to prove multiple prior convictions which could have led to a mandatory life sentence. See id. at 24-26, 28-31, 34-36.

After sentencing, Billam met with defendant and asked if he "was good with it [meaning everything]" and if he had any questions or concerns. Id. at 8. Defendant asked for a copy of the Section 5K1.1 motion for his file but did not otherwise ask questions or express concerns about his sentence. Id. at 9. Billam did not suggest an appeal because "we got what we asked the court for, and so I did not talk to him about appealing." Id. at 38. Billam did not raise the issue of appeal because the length of defendant's sentence was what counsel and defendant had expected and the sentencing was consistent with their strategy throughout the case, i.e. to forego raising legal objections which appeared immaterial to defendant's sentence and carried a risk of an enhanced sentence up to life in prison. After Billam met with defendant, defendant's family member asked Billam for a copy of the sentencing transcript. Id. Billam explained that the court reporter would prepare one if they paid for it, but that he did not need it because the case was over. Id.

At some point after the deadline to appeal had expired, defendant's mother contacted Billam and said defendant wanted to appeal the issue related to the two-level reduction (apparently Guideline Amendment 782) and change of law. See id. at 53. Billam explained that an appeal would be out of time and that in any event, it would not affect the outcome of the case.[4] See id. Defendant's mother told Billam that she would tell defendant. See id. at 54. Billam never heard anything further from

---

[4] At sentencing, consistent with the partes' request and in anticipation of Amendment 782, the Court reduced defendant's offense level by two levels. See Post-Conviction Agreement (Doc. #1417). Even so, as explained above, the Court applied the statutory minimum of 20 years because it was higher than the high end of the applicable Guideline range

defendant or his mother. See id.

Defendant did not testify at the hearing.[5]

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). Strickland mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. The Court must not second-guess counsel's assistance with the benefit of hindsight simply because defendant was convicted and sentenced to a lengthy prison term. See id.

### **I.     Failure To File An Appeal As Requested**

In his Section 2255 motion, defendant claims that Billam provided ineffective assistance because he did not file an appeal after defendant asked him to do so. Motion Under 28 U.S.C. § 2255

---

[5]     An investigator in the Federal Public Defender's office testified about various phone records, but the testimony did not address whether defendant asked counsel to file an appeal.

(Doc. #1753) at 2-8. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes that an appeal is wholly frivolous after conscientious examination, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).

Defendant submitted a sworn statement that on the date of sentencing, he asked counsel to file an appeal. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 2-3, 19. The government submitted counsel's affidavit which states that defendant did not ask counsel to do so. To evaluate defendant's claim, the Court held an evidentiary hearing. At the hearing, defendant did not testify. Other than his initial sworn motion, defendant presented no evidence that he asked counsel to file an appeal. Consistent with his affidavit, Billam testified that defendant never requested that he file an appeal. See Transcript Of Hearing On Motion To Vacate (Doc. #1998) at 8, 38-39, 48-49. Billam further testified that if defendant had done so, he would have filed an appeal even if he personally believed that the grounds were baseless. See id. at 39-40, 49. In light of the undisputed evidence at the hearing, the Court finds that defendant never asked counsel to file an appeal. Accordingly, the Court overrules defendant's claim that counsel provided ineffective assistance by failing to appeal as requested.

**II.     Failure To Consult Defendant About An Appeal (Proposed Amended Claim)**

In his post-hearing memorandum, defendant alleges that counsel provided ineffective assistance because he never consulted him about an appeal or explained appellate procedure to him. Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) at 1. Defendant did not raise this claim in his initial motion. The Court liberally considers defendant's post-hearing brief dated

January 3, 2017 as a motion to amend his Section 2255 motion to add a claim based on counsel's failure to consult about an appeal.

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[6] Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period has expired. United States v. Ohiri, 133 F. App'x 555, 559 (10th Cir. 2005). Here, defendant filed his memorandum, which the Court has construed as a motion to amend, after the one-year deadline.[7] Defendant has not asserted that his proposed claim was tolled under Section 2255(f)(3) or (f)(4). See 28 U.S.C. § 2255(f)(3) (extends filing deadline for claims based on right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[6] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, the Court entered judgment on March 19, 2014. See Judgment In A Criminal Case (Doc. #1415). Under Rule 4(b) of the Federal Rules of Appellate Procedure, defendant's judgment became final 14 days later, on April 2, 2014. Here, defendant filed his memorandum which seeks to add an additional claim on January 3, 2017.

collateral review"); 28 U.S.C. § 2255(f)(4) (extends filing deadline for claims based on new facts). The Court therefore evaluates solely whether the proposed amended claim relates back to the filing of his original motion on February 23, 2015.

An untimely amendment to a Section 2255 motion may relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or insert a new theory. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). Here, the Court denies leave to amend because defendant seeks to insert a new theory which is not part of his original Section 2255 claims. See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255).[8] A claim that counsel failed to consult defendant about an appeal involves a different theory than a claim that counsel failed to file an appeal which defendant requested. See Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) at 8 (explaining that when defendant does not direct counsel either way about appeal, counsel may still have duty to consult about appeal).

Even if defendant had timely raised his claim that counsel did not consult him about an appeal, the Court would overrule it. Defendant asserts that the issue of an appeal was not part of his discussions with counsel. Defendant does not explain how this assertion can be reconciled with his sworn statement that he asked counsel to file an appeal. Motion Under 28 U.S.C. § 2255 (Doc. #1753) at 2 ("On May 19, 2014, sentencing date movant did legally request attorney Jason B. Billam, to file a 'notice of appeal' to legally appeal the conviction and sentence counsel negligently failed to file appeal in error."); id. at 3 ("Movant, on May 19, 2014, humbly requested that counsel, Jason B. Billam,

---

[8] The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period. See id.

file a 'notice of appeal.'"); id. at 6 ("Movant, did not file a direct appeal of his conviction and/or sentence as movant did humbly request counsel Jason B. Billam, on May 19, 2014, sentencing date to legal[ly] file his 'direct appeal'"). In any event, defendant's proposed claim lacks merit.

The Supreme Court has rejected a bright-line rule that counsel's failure to consult defendant regarding an appeal is per se deficient. Flores-Ortega, 528 U.S. at 480. Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known. Id. Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id. In addition to deficient performance, defendant must show that counsel's failure to consult about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with him about an appeal, he would have timely appealed. Id. at 484.

Based on the record, the Court finds that counsel's failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and his actual sentence (180 months) was significantly less than the statutory maximum sentence of life in

prison about which the Court and the plea agreement informed defendant.[9] Defendant did not enter a conditional plea and he expressly agreed that he would not be permitted to withdraw his plea if he objected to the sentence which the Court imposed. Second, in the plea agreement, defendant waived his right to appeal or collaterally attack his sentence, thus indicating that he sought an end to judicial proceedings. Third, defendant has not shown that he expressed to counsel any grounds for appealing his conviction or sentence which was significantly below the statutory maximum.[10] Throughout the

---

[9] Defendant argues that he had potentially meritorious issues to appeal on the factual basis for the conspiracy conviction, relevant conduct and the statutory minimum. Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) at 15-17. For reasons explained in this order and in the Court's Memorandum And Order (Doc. #1946), defendant has not shown that the availability of any such claims would have altered his decision to forego such objections and the accompanying risk of a life sentence.

[10] As part of the plea agreement, the government agreed not to file a Section 851 notice as to defendant's second prior drug felony conviction. See Plea Agreement (Doc. #687) ¶ 6. If the government had filed such a notice, defendant would have been subject to a mandatory minimum term of life in prison. See id. Defendant suggests that he had a potential appeal claim that the conviction relied on in the government's notice was not a felony because the maximum sentence that he could have received under state law was 12 months. Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) at 14-15; see Enhancement Information (Doc. #650) filed May 27, 2013.

Defendant's proposed claim for failure to consult about an appeal does not directly challenge Billam's decision to forego an objection to the Section 841(b)(1)(A) enhancement. Instead, defendant attempts to argue that Billam should have known that a rational defendant would have wanted to appeal this issue. Billam testified that he did not research the issue because defendant had several prior convictions which appeared to qualify for the enhancement under Section 841(b)(1)(A). Defendant argues that his other prior convictions also may have been insufficient as qualifying convictions, but he offers no support for his conjecture. See Supplemental Post-Hearing Brief On Motion To Vacate (Doc. #2006) at 15 n.66. Based on the presentence investigation report, it appears that Billam reasonably concluded at the time that if the particular conviction in the government's notice did not qualify, defendant had at least two other felony drug convictions that qualified under Section 841(b)(1)(A) which would subject him to a mandatory life sentence. See, e.g., PSIR (Doc. #1225) ¶ 112 (possession of cocaine in 2001; sentenced to 17 months in prison); id., ¶ 115 (attempted possession of cocaine in 2004; sentenced to 14 months in prison). In the context of defendant's proposed claim for failure to consult, the question is whether counsel had "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. In light of Billam's testimony that he understood that defendant had multiple qualifying convictions such that an objection on this issue would not have

(continued...)

case, Billam and defendant agreed to forego raising potentially meritorious legal objections which appeared immaterial to defendant's sentence and carried a risk of an enhanced sentence up to life in prison. While Billam apparently did not consult defendant about the advantages and disadvantages of an appeal after sentencing, he covered these issues on several occasions before sentencing. Defendant was well aware that as part of the plea bargain, in exchange for the government's agreement not to prove up his prior convictions, he had waived his right to appeal. In analogous circumstances, the Tenth Circuit has held that counsel's failure to consult is not deficient:

> [W]e conclude [counsel's] failure to consult was not constitutionally ineffective because there was no duty to consult in this case. [Defendant's] conviction followed a guilty plea and he received the bargained-for sentence. Although he did not receive the three-level downward adjustment for acceptance of responsibility, this portion of the "bargain" was contingent on [defendant] continuing to manifest an acceptance of responsibility, which he failed to do. While [defendant] may have "lost" on the acceptance of responsibility reduction, he "gained" twenty-five years by entering into the plea agreement. He also waived the right to appeal his sentence except in limited circumstances, none of which occurred. These facts demonstrate [counsel] had no reason to believe a rational defendant would want to appeal and, more specifically, that [defendant] would be interested in appealing the sentence he "bargained" for.

United States v. Macias, 229 F. App'x 683, 689 (10th Cir. 2007). Here, counsel did not have reason to believe that a rational defendant would want to appeal or that defendant himself desired to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed, 200 F. App'x 793 (10th Cir. 2006); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. Apr. 12, 2004).

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would

---

[10](...continued)
lowered and potentially would have increased his ultimate sentence, defendant must do more than speculate that his other convictions may not have qualified under the statute.

have been filed.[11] In light of the waiver in the plea agreement and the significant reduction of defendant's sentence based on the plea agreement, defendant has not shown a reasonable probability that he would have filed a notice of appeal had counsel consulted with him. Rios-Garcia, 2005 WL 3845345, at *8; Flowers, 2004 WL 1088767, at *8. If counsel had consulted defendant about an appeal, defendant likely would have pursued the same strategy as he had throughout the case and not run the risk of a life sentence.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[12] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above and in the Court's Memorandum And Order (Doc. #1946), the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on all claims in defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #1753) filed February 23, 2015

---

[11] The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Flores-Ortega, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant did not establish that he asked counsel to file an appeal.

[12] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 24th day of March, 2017 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge