## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20066-32-KHV** |
| JUVON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 19, 2014, the Court sentenced defendant to 180 months in prison.   This matter is before the court on defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #2317) filed June 14, 2021, which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic.   Pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.   For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On October 3, 2012, a grand jury charged Juvon Smith and some 50 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine.   See Second Superseding Indictment (Doc. #402), Count 1.   On May 29, 2013, defendant pled guilty.   On March 19, 2014, the Court sentenced defendant to 180 months in prison.

Defendant currently is confined at FCI Yazoo City – Low, a Bureau of Prisons ("BOP")

facility in Yazoo City, Mississippi.[1]  FCI Yazoo City – Low houses some 1,253 inmates.  See FCI Yazoo City Low, https://www.bop.gov/locations/institutions/yaz (last visited October 18, 2021).  As of October 15, 2021, 91 inmates and 14 staff members had tested positive for COVID-19.  See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited October 18, 2021).  Three inmates died from COVID-19.  See id.  Some 88 inmates and 14 staff members have recovered.  See id.  In December of 2020, defendant tested positive for COVID-19.  On May 18, 2021, defendant received the second dose of the COVID-19 Moderna vaccine.  See Government's Response To Defendant's Motion For Compassionate Release (Doc. #2322) filed July 21, 2021 at 9–10.

Defendant is 41 years old.  Defendant states that because of his race and history of "compromised immune system disorder and many other medical issues," he is at high risk of contracting COVID-19 and severe illness or death if he contracts it or one of its variants.  Administrative Request To Warden, Exhibit 1 to Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #2317) at 1.  Defendant also asserts that his mother is sick and needs him to act as a caregiver.  Id.  With good time credit, defendant's projected release date is May 5, 2025.  Defendant asks the Court to grant compassionate release based on his health conditions, his race, the failing health of his mother and his post-sentencing rehabilitation.  Id.

### Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d

---

[1]     When defendant filed his motion, he was confined at USP Leavenworth, a BOP facility in Leavenworth, Kansas.

945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   The record reflects that defendant submitted a request on April 19, 2021 to the warden at USP Leavenworth, but the warden has not responded.   Because the warden did not respond within 30 days of defendant's request, defendant has satisfied the exhaustion prerequisite.

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.

Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); see also United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).   Accordingly, the Court evaluates only the first and third requirements.

## I.      Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  See McGee, 992 F.3d at 1044, 1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).   For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first

three categories.   U.S.S.G. § 1B1.13, <u>Reduction In Term Of Imprisonment Under 18 U.S.C.</u> <u>§ 3582(c)(1)(A) (Policy Statement)</u>, cmt. n.1 (Nov. 2018).

Here, defendant seeks release primarily because of health conditions.   At age 41, however, defendant is young.   As the government notes, defendant has received both doses of the COVID-19 Moderna vaccine.   Defendant asserts that he has a history of "compromised immune system disorder."   Administrative Request To Warden, Exhibit 1 to <u>Motion For Sentence</u> <u>Reduction Under 18 U.S.C. § 3582(c)(1)(A)</u> (Doc. #2317) at 1.   The government correctly notes that BOP medical records do not reflect that he has a compromised immune system.   The Court recognizes that defendant has other medical conditions including chronic sinusitis and rhinitis, which may be risk factors for severe illness if he contracts COVID-19.   Even so, it appears that the prevailing scientific view is that even vaccinated individuals with medical comorbidities do not have a significant risk of severe disease or death if they contract COVID-19.   In sum, defendant has not shown that his health conditions, either individually or collectively, constitute extraordinary and compelling reasons for release of an inmate who has received a COVID-19 vaccine.

Defendant suggests that as an African-American, his race may elevate the risk of contracting COVID-19 and suffering severe illness.   While African-Americans have suffered a disproportionately high rate of hospitalizations and deaths from COVID-19 compared to the overall population, race itself generally is not considered a risk factor.   <u>See</u> <u>United States v.</u> <u>Beasley</u>, No. 13-10112-03-JTM, 2020 WL 5077383, at *1 (D. Kan. Aug. 27, 2020) (statistics show COVID-19 disproportionately affects African-Americans, but explanation may be that African-Americans disproportionately have underlying medical conditions which render virus dangerous);

United States v. Myers, No. 18-20633, 2020 WL 4934343, at *3 (E.D. Mich. Aug. 24, 2020) (inmate's race itself does not constitute risk factor for COVID-19 in same way as underlying medical condition does); United States v. Green, Crim. No. 05-205, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020) (unclear whether race is independent risk factor or whether adverse outcomes caused by other factors such as living conditions, work conditions, lack of access to health care or other underlying medical conditions).

While defendant certainly faces some risk of contracting COVID-19 and serious illness or death if he contracts it, home detention does not eliminate those risks.   Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 or one of its variants at FCI Yazoo City – Low.   See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that COVID-19 or a variant that is resistant to the vaccine may emerge at FCI Yazoo City – Low cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

As to the failing health of defendant's mother, defendant has not provided specific information on her condition other than that she is "sick."   Likewise, he has not shown that other family members or friends are unable to care for her.   Since 2014 when the Court sentenced defendant to 180 months in prison, defendant and his family have understood that his earliest

expected release date with good time credit would be in 2025.   The Court appreciates the challenge of an inmate attempting to ensure the care of a parent, but such a challenge, both individually and collectively with the COVID-19 pandemic, does not constitute an extraordinary and compelling reason for defendant's release.

Finally, defendant argues that his rehabilitation constitutes extraordinary and compelling reasons for release.   While a defendant's post-conviction rehabilitation is a relevant factor at a resentencing, rehabilitation alone is not an extraordinary and compelling reason for relief. 28 U.S.C.  § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

In sum, defendant has not established extraordinary and compelling reasons for his release.

## II.    Section 3553(a) Factors

Even if defendant's health conditions, his race, the failing health of his mother, the COVID-19 pandemic and his rehabilitation efforts were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence of time served, or approximately 131 months including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.   In particular, despite some eight drug convictions including a prison term of 20 months and multiple suspended sentences, defendant participated in a large scale conspiracy to distribute cocaine and cocaine base.   Presentence Investigation Report (Doc. #1225), ¶¶ 108–13, 115–16.   As part of the offense conduct, defendant was responsible for some 10.2 kilograms of cocaine.   Id., ¶ 95.   He also received a sentencing enhancement because he

possessed a firearm during the course of the offense conduct.   Id., ¶ 96.   Finally, a reduction of defendant's sentence to approximately 131 months would reflect a significant disparity from his current sentence of 180 months.

The Court recognizes that defendant has completed more than half of his sentence and apparently has made some progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.   Accordingly, even if defendant could establish extraordinary and compelling reasons for release, the Court would deny relief.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. #2317) filed June 14, 2021 is **OVERRULED**.

Dated this 18th day of October, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-8-